UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
------------------------------------------------------------------------x
Aaron Hoffman

                                Plaintiff,

-v.-

ER Solutions, Inc.
Dba Convergent Outsourcing, Inc.

                                Defendant.
------------------------------------------------------------------------x

Case No:

**COMPLAINT**

      Plaintiff Aaron Hoffman ("Plaintiff") by and through his attorneys, RC Law Group, PLLC as and for his Complaint against Defendant ER Solutions, Inc., dba Convergent Outsourcing, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Colorado, County of Arapahoe, residing at 8547 E Arapahoe Road, J194, Greenwood Village, CO 80112.

1

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 800 SW 39800 SW 39th Street, Renton, WA 98057.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around January 28, 2016 the Plaintiff received an initial communication collection letter from the Defendant.

10. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

11. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

12. This letter contains the "g-notice" but is completely overshadowed by the omission of a material disclosure.

13. The material disclosure omitted from the letter is the fact that the statute of limitations for the debt that Defendant is attempting to collect has expired.

14. The omission of this required language overshadows the ''g-notice'' and coerces the consumer to not exert his rights under the Fair Debt Collections Practices Act.

15. The letter states that the account has a principal balance of $ 1,842.03, and the Defendant has added interest charges of $ 2,218.51 which is roughly 120% of the total debt.

16. Plaintiff did not agree to such a charge and the 120% fee, far exceeds any reasonable costs of collection for this account.

17. Furthermore the current owner of the alledged debt does not have the right to adding on the interest.

18. Finally the letter fails to state if interest is still accruing. It is deceptive to to show that there is interest charges on the account and not specify if the charges are continuing to run.

19. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692g, 1692f, and 1692f(1).

22. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

      d)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 19th day of May, 2016

                                          */s/Yaakov Saks*
                                      Yaakov Saks
                                      **RC Law Group, PLLC**
                                      285 Passaic Street
                                      Hackensack, NJ 07601
                                      Tel. 201-282-6500 ext. 101
                                      Fax 201-282-6501
                                      ysaks@rclawgroup.com
                                      *Attorneys for Plaintiff*